Carlos J. Rosario, State Bar # 280678
    Email: carlitosrosario@gmail.com
Anthony W. Trujillo, State Bar # 248860
    Email: atrujillo@trujillowinnick.com
Alexander H. Winnick, State Bar # 239430
    Email: awinnick@trujillowinnick.com
TRUJILLO & WINNICK, LLP
2919½ Main Street
Santa Monica, CA 90405
Telephone:   310.210.9302
Facsimile:    310.921.5616

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO DIVISION

| | |
|---|---|
| NIKO VUORI,<br><br>        Plaintiff,<br><br>    vs.<br><br>GRASSHOPPER CAPITAL LLC, ARI LEWIS, AND SAGAR RAMBHIA<br><br>        Defendants. | CASE NO: 3:17-CV-06362<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK**<br><br>(Filed concurrently with Memorandum of Points and Authorities in Support; Declarations of Ari Lewis; Sagar Rambhia; David Rhodes; and [Proposed] Order).<br><br>Hearing Date: February 16, 2018 Time: 9:30 AM<br>Courtroom: G<br><br>Case Filed:    October 31, 2017<br>Trial Date:    none |

1

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK**

**TO PLAINTIFF NIKO VUORI AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 16, 2018 at 9:30 A.M. in Courtroom G, 15th Floor of the above Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as the matter may be heard, before Magistrate Judge Joseph C. Spero, Defendants GRASSHOPPER CAPITAL LLC, ARI LEWIS, and SAGAR RAMBHIA ("Defendants") will and hereby do move this Court for an order either dismissing or transferring Plaintiff NIKO VUORI's suit against Defendants for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Federal Rule of Civil Procedure 12(b)(3) and under 28 U.S.C. §1406, or transferring Plaintiff's suit pursuant to 28 U.S.C. §1404(a) in the interest of judicial economy.

The relief Defendants seek is dismissal of the case against Defendants for improper venue, or in the alternative, an order to transfer the case to the Eastern District of New York.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declarations of Ari Lewis and Sagar Rambhia, the pleadings on file in this action, and such other and further matters as may be introduced before or at the hearing of this Motion.

Dated: November 22, 2017

Respectfully submitted,
TRUJILLO & WINNICK, LLP

By: _____/s/ Carlos J. Rosario_____.
Carlos J. Rosario
Attorneys for Defendants

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK**

Carlos J. Rosario, State Bar # 280678
    Email: carlitosrosario@gmail.com
Anthony W. Trujillo, State Bar # 248860
    Email: atrujillo@trujillowinnick.com
Alexander H. Winnick, State Bar # 239430
    Email: awinnick@trujillowinnick.com
TRUJILLO & WINNICK, LLP
2919½ Main Street
Santa Monica, CA 90405
Telephone:   310.210.9302
Facsimile:    310.921.5616

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO DIVISION

| | |
|---|---|
| NIKO VUORI,<br><br>        Plaintiff,<br><br>    vs.<br><br>GRASSHOPPER CAPITAL LLC, ARI LEWIS, AND SAGAR RAMBHIA<br><br>        Defendants. | CASE NO: 3:17-CV-06362<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK**<br><br><br>(Filed concurrently with Memorandum of Points and Authorities in Support; Declarations of Ari Lewis, Sagar Rambhia, and David Rhodes; and [Proposed] Order).<br><br>Hearing Date: February 16, 2018<br>Time: 9:30 AM<br>Courtroom: G<br><br><br>Case Filed:   October 31, 2017<br>Trial Date:    none |

1

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................... 1

II.  FACTUAL BACKGROUND ...................................................... 2

III.  ARGUMENT ...................................................................... 4

  A.  There Is No Personal Jurisdiction Because Defendants Do Not Have Minimum Contacts With California .......................................... 4

    1.  The Court Does Not Have Personal Jurisdiction Over Defendants Under The Three Prong Test ................................... 6

      i.  First Prong- Purposeful Availment/Direction ................... 6

      ii.  Second Prong- Does Not Arise From ............................... 8

      iii.  Third Prong- No Fair Play ........................................... 9

    2.  The Court Does Not Have Personal Jurisdiction Over Defendant Lewis and Rambhia Based On Their Alleged Roles As Members And Managers Of Defendant Grasshopper. ....... 11

  B.  Plaintiff's Complaint Should Be Dismissed For Improper Venue Under 28 U.S.C. § 1406 ................................................... 13

    1.  The Court Should Dismiss This Matter For Improper Venue .. 13

    2.  The Northern District Is Not The Proper Venue Under 28 U.S.C. §1391(b)(2) ................................................ 14

    3.  This Case Should Be Dismissed Or Transferred Pursuant To 28 U.S.C. § 1406(A) ............................................... 16

  C.  In The Alternative, Plaintiff's Complaint Should Be Transferred To The Eastern District Of New York Under 28 U.S.C. § 1404 ............... 17

IV.  CONCLUSION ..................................................................... 20

i

**Cases**

*Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1260 (W.D. Wash. 2005)...................19

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 578 (2013) ..........................................................................................................................17

*Ballard v. Savage*, 65 F3d 1495, 1500 (9th Cir. 1995) ...............................................................8

*Broschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) ....................................................4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985) ...........................................5, 7

*Calder v. Jones* 465 U.S. 783, 790 (1984) ...............................................................................11

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) ......................5

*Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989)..................................8, 11

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986) ...............15

*Doe v. American Nat'l Red Cross* 112 F.3d 1048 (9th Cir. 1997)..............................................8

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) ...................................................4

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247 (11th Cir. 2000) ..................7

*Gaines, Enhof Metzler & Kriner v. Nisberg*, 843 F.Supp. 851, 854 (W.D.N.Y.1994) ...............14

*Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962) ................................................................17

*Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012)....................................12

*HealthMarkets, Inc. v. Superior Court*, 171 Cal.App.4th 1160, 1169–70 (2009)......................12

*Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)........................5

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1954) ...............................................................5, 9

*Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir.2003); ..................................14

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)...................................17

*Kelly v. Echols*, 2005 WL 2105309 (E.D. Cal.) .............................................................14, 15, 16

*King v. Russell* 963 F.2d 1301, 1304-1305 (9th Cir. 1992).......................................................17

*Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 742 (9th Cir. 2013)............................................................................................................5

*Los Angeles Mem'l Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal. 1981) .............17

i

*Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985)....................4

*Pavlovich v. Superior Court*, 29 Cal. 4th 262, 272 (2002) ..........................................8

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) .........................................5

*Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) ......................................................7

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)....4, 13, 14

*R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) ................................4

*Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F.Supp.2d 578, 590 (E.D. Texas 2006) ...............................................................................................................18

*Saleh, et al. v. Titan Corporation, et al.*, 361 F.Supp. 2d 1152, 1162 (C.D. Cal. 2005) ...........19

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)....................5, 6

*Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) .................................................................5

*Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).............................................................5

*Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1094 (N.D. Cal. 2003) ..................15

*Smith v. Antler Insanity, LLC* 58 F.Supp.3d 716, 722 (S.D. MS 2014) ...................................11

*Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).......................................18

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29--30 (1988) ........................................................17

*Thos. P. Gonzalez Corp. v. Consejo Nacional de Prod. de Costa Rica*, 614 F.2d 1247 (9th Cir. 1980) .....................................................................................................................7

*United Tactical Systems LLC v. Real Action Paitnball, Inc.* 108 F.Supp.3d 733, 751 (N.D. Cal. 2015) ...........................................................................................................15

*Van Dusen v. Barrack*, 376 U.S. 612, 621 (1964) ..................................................................17

*Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995) .................................................................14

**Statutes**

28 U.S.C. § 1391........................................................................................1, 14, 15, 17

28 U.S.C. § 1404......................................................................................2, 4, 18, 19

28 U.S.C. § 1406.........................................................................................1, 4, 13, 14

Cal. Civ. Pro. §410.10 ...........................................................................................4

Fed. R. Civ. Proc. 12 ............................................................................... passim

**TABLE OF AUTHORITIES**

**Other Authorities**

17 Moore's Federal Practice § 111.13[1] [c] (3d ed.1997)........................................................18

5B Fed. Prac. & Proc. Civ. § 1351 (3d ed.) ..............................................................................4

**TABLE OF AUTHORITIES**

## I. INTRODUCTION

Plainitff NIKO VUORI wrongfully filed this action in the Northern District of California. Defendants GRASSHOPPER CAPITAL LLC, ARI LEWIS, and SAGAR RAMBHIA ("Defendants") have no contacts with the State of California on which personal jurisdiction may be based. Defendants are based in the East Coast and have not personally availed themselves to the benefits and privileges of doing business in California and no claims stated in the Complaint arise out of or relate to these Defendants' personal contacts with California. Plaintiff fail to and cannot make any showing that any of the Defendants have the requisite "minimum contacts" with this forum. Plaintiff cannot establish or overcome any of the three prongs followed by the Ninth Circuit to establish specific jurisdiction. First, Defendants never purposefully availed themselves in California. Second, none of Plaintiff's claims arise out of Defendants' forum-related activities. Third, exercising jurisdiction in this forum over any of the Defendants would be grossly unreasonable, forcing Defendant Grasshopper to have to cease its business operations, threatening Defendant Lewis' health, and causing Defendant Rambhia to suspend medical school. Doing so would also cause significant financial burdens on all three Defendants.

In addition, the exercise of personal jurisdiction over the individual Defendants Lewis and Rambhia, who are being sued merely as members and managers of a limited liability company, offends traditional notions of fair play and substantial justice, and is, therefore, prohibited under both the California and federal Constitution. This court cannot exercise personal jurisdiction over these individual defendants for acting in their roles as members of the company, as the Complaint alleges.

Venue is also improper in the Northern District of California under 28 U.S.C. § 1391(b) and the Court should dismiss or transfer this action pursuant to 28 U.S.C. § 1406. None of the Defendants reside in the Northern District of California, none can be found in this District, and the alleged events and omissions giving rise to the claims did not occur in this District. The

Complaint does not allege any substantial events occurring in this District. The case must either be dismissed or transferred to the Eastern District of New York where venue is proper.

In the alternative, the Court should transfer the action under 28 U.S.C. § 1404(a) based on the convenience of the parties, the witnesses, and in the interest of justice. The defendants would suffer severe hardships should this action remain in the Northern District and those witnesses identified in Complaint would also suffer by having to travel across the country to testify in this case. Plaintiff's own convenience in filing this action in this District should not take priority over the Court's and Defendants' interest in convenience, fairness and efficiency.

## II. FACTUAL BACKGROUND

As established by the allegations in the Complaint and the Declarations of ARI LEWIS ("Lewis") and SAGAR RAMBHIA ("Rambhia") (hereinafter referred to as, "Lewis Decl." and "Rambhia Decl.", respectively), Defendant GRASSHOPPER CAPITAL, LLC ("Grasshopper") is a Delaware limited liability company based in Jericho, New York. (Dkt. 1, ¶ 7). Grasshopper has no offices in the State of California, and its only office is in the State of New York. (Lewis Decl., ¶ 3, Rambhia Decl., ¶ 3). Grasshopper has no business facilities, no employees, and no registered agents in the State of California. (Lewis Decl., ¶ 3; Rambhia Decl., ¶ 3). Grasshopper engaged in only negotiations with Plaintiff regarding an advisory position with Grasshopper from New York. (Lewis Decl., ¶ 5). All the trades conducted by Grasshopper occurred and continue to occur in New York. (Lewis Decl., ¶ 7). All of Grasshopper's administrative functions, such as verifying public keys (proof of funds/custodianship) are done in New York. All of Grasshopper's functions occur in New York. Plaintiff makes no allegations that Grasshopper has a presence outside of New York. (See, Dkt. 1, passim). In addition, for security purposes, Grasshopper can only make trades from its office in New York and the *private keys* that enable Grasshopper to make trades cannot be transported. As a result, Grasshopper would have to shut down for any period that Defendant Lewis was required to be out of New York. (Lewis Decl., ¶ 8).

Defendant Lewis is a manager and member of Grasshopper, and maintains his residence and usual place of business in Jericho, New York. (Dkt. 1, ¶ 8). Defendants Lewis does not have offices in California nor own property in California. (Lewis Decl., ¶¶ 4, 9). Lewis never acted in his individual capacity with regard to Plaintiff. (Lewis Decl., ¶ 5). Each and every act and communication with Plaintiff was done in his capacity as manager of Grasshopper. (Lewis Decl., ¶ 7). None of the allegations in the Complaint allege any facts that Lewis was acting in his individual capacity at any time. (See, Dkt. 1, passim). Every communication between Lewis and Plaintiff was done over the phone or by email from Lewis' offices in New York. (Lewis Decl., ¶ 13).

In the summer of 2017, Lewis was diagnosed with Ameobiasis/E.Histolytica, a life-threatening illness from which he has not recovered and that has forced him to go on a very strict dietary regiment and to restrict his travel. This fact was known to Plaintiff prior to his filing of this lawsuit. If Lewis is required to travel for any reason, it could have severe implications on his health. (Lewis Decl., ¶ 10).

Defendant Rambhia is a manager and member of Grasshopper and maintains his residence in Cleveland, Ohio. (Dkt. 1, ¶ 9). Rambhia does not and has never maintained an office, residence, business or property within the State of California. (Rambhia Decl., ¶¶ 4, 6). Rambhia never acted in his individual capacity with regard to Plaintiff. Each and every act and communication with Plaintiff was done in his capacity as manager of Grasshopper. (Rambhia Decl., ¶ 3). None of the allegations in the Complaint allege any facts that Rambhia was acting in his individual capacity at any time. (See, Dkt. 1, passim). Rambhia is currently a second-year medical student at Case Western Reserve University in Ohio, and based on the rules and requirements of the school, cannot attend hearings or trial in California without severely impacting his standing with the school. (Rambhia Decl., ¶ 5).

**III. ARGUMENT**

Federal Rule 12(b)(2) authorizes a pre-answer motion to dismiss because the District Court lacks jurisdiction over the defendant's person, where the defendant does not have <u>sufficient</u> contacts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant. Fed.R.Civ.P. 12(b)(2), See, 5B Fed. Prac. & Proc. Civ. § 1351 (3d ed.) [citations omitted]. Once a defendant challenges personal jurisdiction, the burden is on the plaintiff to establish the court's jurisdiction *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

Additionally, a party may also move to dismiss a complaint based on improper venue pursuant to Fed.R.Civ.P. 12(b)(3). When deciding a Rule 12(b)(3) motion [as well as a 12(b)(2) motion] the Court need not accept the pleadings as true and may consider facts outside the pleadings. See, *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). There are two statutes that govern a motion to dismiss or transfer a case on the basis of venue: "(1) where venue is improper, a court must dismiss or transfer under 28 U.S.C. § 1406; (2) where venue is proper, the court may transfer to another District, for convenience, pursuant to 28 U.S.C. § 1404." *Abrams Shell v. Shell Oil Co.*, 165 F.Supp.2d 1096 (C.D. Cal. 2001). Plaintiff also bears the burden of showing that the venue was properly laid in the District once venue is challenged. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

**A. <u>There Is No Personal Jurisdiction Because Defendants Do Not Have Minimum Contacts With California</u>**

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution. See, *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Broschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK**

'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1954)). Under due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Here, Plaintiff does not allege that Defendants Grasshopper, Lewis or Rambhia are subject to general jurisdiction in this District. Accordingly, the Court should only determine if it may exercise specific jurisdiction over Defendants.

The Ninth Circuit applies a three-part test in determining whether specific jurisdiction exists: (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Learjet, Inc. v. Oneok, Inc.*, 715 F.3d 716, 742 (9th Cir. 2013); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal citations and quotation marks omitted).

Plaintiff bears the burden of establishing that the court has personal jurisdiction over all Defendants. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted). Plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If Plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in California. *Schwarzenegger v Fred Martin Motor Co.*, supra, 374 F.3d 797, 802 (9th Cir. 2004). If Plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to Defendants to present the case that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK**

**1. The Court Does Not Have Personal Jurisdiction Over Defendants Under The Three Prong Test**

Plaintiff fails in his burden to establish that this Court has personal jurisdiction of Defendants. Under the three part test, Plaintiff cannot satisfy either prong one or prong two. Even if Plaintiff could establish both prongs, Defendants can present a compelling case that jurisdiction would still be unreasonable.

**i.    First Prong- Purposeful Availment/Direction**

Plaintiff does not allege and cannot establish that Defendants purposefully availed themselves in California. Courts often use the phrase "purposeful availment," in shorthand fashion, to include both purposeful availment and purposeful direction but availment and direction are, in fact, two distinct concepts: a purposeful availment analysis is most often used in suits sounding in contract while a purposeful direction analysis, on the other hand, is most often used in suits sounding in tort. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802 [citations omitted]. A showing that Defendants purposefully availed himself of the privilege of doing business in this state typically consists of evidence of Defendants' actions in this forum, such as executing or performing a contract here. *Id.* A showing that Defendants purposefully directed their conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. *Id.*

Plaintiff does not establish that Defendants either purposefully availed or purposefully directed any conduct toward California. Plaintiff fails to allege any claim that Defendants executed or performed a contract in California. In fact, Plaintiff alleges that Defendants never executed or performed a contract. (Dkt. 1, ¶ 85). With regard to Plaintiff's tort claims of misappropriation, there is no claim made in the Complaint that Defendants purposefully directed any actions towards California, either by directing its activities at California residents or advertising Plaintiff's alleged role in this state.

Furthermore, the communications between the parties were alleged to have been made by email and phone only, which Defendants do not dispute. (Dkt. 1, passim; Lewis Decl., ¶ 13). It is well-settled in the Ninth Circuit and other circuits that phone calls, mailings and fascimile do not provide for personal jurisdiction. See *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (telephone and mail contacts are insufficient to satisfy the purposeful availment test); *Thos. P. Gonzalez Corp. v. Consejo Nacional*, 614 F.2d 1247, 1254 (9th Cir. 1980) ("use of the mails, telephone, or other [] communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state"). In *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247 (11th Cir. 2000), the defendant and plaintiff engaged in mail, email, facsimile and telephone communications and the defendant performed services for the defendant, yet the Court held that the defendant had not purposefully availed itself of the Plaintiffs jurisdiction. The same rationale applies in this case.

In the instant case, email and telephone communication do not confer personal jurisdiction. The only communications regarding Grasshopper between the parties occurred via email or phone. (Lewis Decl., ¶ 13). The contract was negotiated by Defendant Grasshopper in New York. (Lewis Decl., ¶ 5). All of the trades for the business occur in New York. In addition, all administrative functions such as verifying public keys (proof of funds/custodianship) are done in New York. (Lewis Decl., ¶ 7). Any routine email and telephone interactions attendant to that relationship are insufficient to confer personal jurisdiction over Grasshopper.

With regard to Plaintiff's sole allegation in the Complaint that Defendant Lewis traveled to San Francisco (Complaint, ¶ 8), this was an isolated event. The more "isolated" the act, the less foreseeable it may be that the nonresident would be "hauled [sic] into court locally" (the rationale for the "purposeful" requirement). Thus, some "single or occasional acts" may create only an "attenuated" affiliation with the forum that will not support exercise of personal jurisdiction. See *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 475 fn. 18. Here, Defendant Lewis was in San Francisco for two days in September 2017, but was not there to

meet with Plaintiff. Defendant Lewis did meet with Plaintiff one time for lunch but they did not discuss Grasshopper. (Lewis Decl., ¶ 11). Instead, Plaintiff talked about a new company he was starting, and discussed his own interest in online gaming. (Lewis Decl., ¶ 11). Nevertheless, the San Francisco lunch was an isolated act and Defendant Lewis has not returned to San Francisco since nor has any plans to return in the future. (Lewis Decl., ¶ 10). There is no basis which supports the theory that Defendants reasonably anticipated being hauled into court in the Northern District because of one isolated meeting between Lewis and Plaintiff.

Finally, there is no merit to finding personal jurisdiction based on the location of Plaintiff's alleged injury. "[A] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction…" *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). The location of the injury is not dispositive. Purposeful availment requires "additional evidence of express aiming and intentional targeting" by the defendant. *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 272 (2002). Here, it appears that Plaintiff is requesting the forum where the alleged injury occurred, which provides no basis for jurisdiction. The first prong fails.

### ii. Second Prong- Does Not Arise From

The second prong of the analysis requires that the claim must be one which arises out of or results from the Defendant Grasshopper's forum-related activities. Plaintiff has not alleged any specific act whereby Grasshopper purposefully directed its activities to California. (Dkt. 1, passim). The Ninth Circuit follows the "but for" test in determining whether the claim "arises out of" the nonresident's forum-related activities. I.e., if plaintiff would not have suffered loss "but for" defendant's activities in California, this element is satisfied. *Ballard v. Savage*, 65 F3d 1495, 1500 (9th Cir. 1995). Activities that are deemed "too attenuated" do not satisfy the "but for" test. *Doe v. American Nat'l Red Cross* 112 F.3d 1048, 1051 (9th Cir. 1997). There are no allegations in the Complaint that Plaintiff's claims arise from any Grasshopper forum-related activities, other than mere email and phone conversations with Plaintiff and one vaguely described lunch with

Defendant Lewis.  (Dkt. 1, ¶ 8, passim).  Clearly, there is no indication that *but for* Defendants' activities in California, Plaintiff would not have suffered loss.  These acts are not enough to establish minimum contacts for the purpose of personal jurisdiction.

iii.   Third Prong- No Fair Play

The third prong of the analysis requires that the exercise of jurisdiction must comport with fair play and substantial justice; i.e., it must be reasonable.  Were this Court to assume jurisdiction over Defendants, traditional notions of fair play and substantial justice would ve offended, and be inconsistent with the constitutional requirements of due process. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 at 316.

Defendants request that the Court decline to exercise jurisdiction over Defendants because of the burden it would place on each Defendant.  Defendant Grasshopper is a Delaware limited liability company with its principal place of business in New York.  Its offices are located in Jericho, New York.  (Dkt. 1, ¶ 7; Lewis Decl., ¶ 2).  Grasshopper does not have offices in California— its only office is in New York.  (Lewis Decl., ¶ 3).  It would be a financial burden and hardship on Grasshopper to pay its representatives to travel to California, employ California counsel for the entirety of the case, and defend itself in California.  (Lewis Decl., ¶ 6). If Grasshopper were required to defend itself in California, it also would place a financial burden on Grasshopper because none of the documents, records, files, officers, or members of Grasshopper are located in California.  (Lewis Decl., ¶ 6).  Grasshopper has no business facilities, no employees, and no registered agents in the State of California.  (Lewis Decl., ¶ 3).

More importantly, all of the trades the business conducts occur in New York and all administrative functions such as verifying public keys (proof of funds/custodianship) are done in New York.  All of Grasshopper's functions occur in New York.  As mentioned above, if Defendant Lewis is required to travel to California on behalf of Grasshopper for this case, the business will have to completely shut down and will not be able to operate for the entirety of his time away from the office.  For security purposes, Grasshopper can only make trades from its office in New York and the *private keys* that enable Grasshopper to make trades cannot be

9

transported.  It would be extremely disruptive to the business (and a burden for its investors) if Defendant Lewis was forced to travel to California for depositions and trial.  (Lewis Decl., ¶ 8).

In further support, Defendant Lewis, is a resident of New York, and has been a resident of New York since birth.  (Lewis Decl., ¶ 2).  He does not own or participate in any business ventures within the State of California.  (Lewis Decl., ¶¶ 4, 9).  Traveling to California, employing California counsel for the entirety of the case, and defending himself in California would cause Defendant Lewis an unreasonable financial burden and hardship.  (Lewis Decl., ¶ 9).

Requiring Defendant Lewis to travel to California may also cause him serious bodily harm.  On or about July 19, 2017, Lewis became very ill and was diagnosed with Ameobiasis/E.Histolytica, a life-threatening illness, and he has not fully recovered.  Plaintiff was in fact made aware of Lewis' illness prior to the filing of this lawsuit.  Lewis is on a very strict dietary regiment and have severely restricted his travel as a result.  (Lewis Decl., ¶ 10).  Lewis traveled one time in September 2017 and doing so was incredibly stressful on his body and seriously threatened his health.  (Lewis Decl., ¶ 10).  As a result, Lewis has no current plans to travel.  (Lewis Decl., ¶ 10).  Forcing Lewis to appear in California would threaten his health, which is categorically unreasonable and does not satisfy the third prong.

Requiring Defendant Rambhia to appear as a Defendant in California would also offend traditional notions of fair play and substantial justice.  Rambhia resides in Cuyahoga County in Ohio.  (Rambhia Decl., ¶ 2).  He has no offices or business ventures in California.  (Rambhia Decl., ¶ 4).  It would cause Rambhia a financial burden and hardship to have to travel to California, employ California counsel for the entirety of the case, and defend myself in California.  (Rambhia Decl., ¶ 6).

Finding personal jurisdiction over Rambhia would not only cause him a financial burden, but would seriously disrupt his life and school.  Rambhia is currently a second-year medical student at Case Western Reserve University in Ohio.  Based on the rules of the school, he is only allowed 2 "flexible" days off for the academic year.  He is unable to miss any school while he is still a student.  Medical school runs Monday through Friday and Rambhia is often called

to be in the hospital in the evenings and on weekends as part of my pre-clinical curriculum. Having to travel to California for depositions and trial, and any other purpose would cause a serious disruption of Rambhia's studies that would force him to have to drop out of school and, at the very least, repeat his semester(s). Any missed time would severely impact Rambhia's lessons, grades, and reduce his post-school opportunities. (Rambhia Decl., ¶ 5).

Plaintiff's filing of this action in the wrong forum would cause Grasshopper to shut down, harm its investors, cause Defendant Rambhia to postpone medical school, and threaten Defendant Lewis' life. Such an exercise of specific jurisdiction over the Defendants does not comport with fair play and substantial justice, and will undoubtedly infringe on Defendants' due process rights under the Constitution.

### 2. The Court Does Not Have Personal Jurisdiction Over Defendant Lewis and Rambhia Based On Their Alleged Roles As Members And Managers Of Defendant Grasshopper.

Even if Defendant Grasshopper were found to have minimum contacts with the State, there is no basis which allows for the Court to exercise personal jurisdiction over Defendants Lewis and Rambhia. As nonresident officers and agents for Grasshopper, there exists no personal jurisdiction against Defendants Lewis and Rambhia based on the allegations in the Complaint. The mere fact that a corporation may be subject to local jurisdiction does not mean its nonresident officers, directors, agents and employees are suable locally as well. *Calder v. Jones* 465 U.S. 783, 790 (1984); *Davis v. Metro Productions, Inc.* 885 F.2d 515, 521 (9th Cir. 1989); *see Smith v. Antler Insanity, LLC* 58 F.Supp.3d 716, 722 (S.D. MS 2014) —members of a limited liability company (LLC) are not subject to personal jurisdiction in forum state simply because the LLC subject to jurisdiction there].

"[A] person's mere association with a corporation…in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Productions, Inc.*, 885 F.2d at 520 (further stating that "there must be a reason for the court to disregard the corporate form"); see also, *HealthMarkets, Inc. v. Superior Court*, 171 Cal.App.4th 1160, 1169–

70 (2009) (mere ownership of a subsidiary does not subject a non-resident parent company to personal jurisdiction based on the subsidiary's forum contacts; a separate purposeful availment analysis must be performed).

Moreover, a nonresident individual is not subject to personal jurisdiction based solely upon acts in the forum state undertaken in his or her corporate capacity. See *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012)—"fiduciary shield doctrine" buffers nonresident corporate directors from personal jurisdiction where official acts were only contact with forum.

Plaintiff alleges in his Complaint that Defendant Lewis resides in Jericho, New York and that he serves as a managing member of Grasshopper. (Dkt. 1, ¶ 8). Plaintiff further alleges in his Complaint that Defendant Rambhia hails from Jericho, New York, resides in Cleveland, Ohio, and serves as a managing member of Grasshopper. (Dkt. 1, ¶¶ 9, 26). Plaintiff further alleges that Defendants Lewis and Rambhia are Grasshopper's sole and controlling members. (Dkt. 1, ¶ 7).

It is evident from the allegations in the Complaint that Plaintiff's claims against Defendants Lewis and Rambhia are based solely on their roles as managing members of Grasshopper. Plaintiff's breach of contract, promissory estoppel, and quantum meruit causes of action are based on an agreement Plaintiff claims to have had with Grasshopper, and on work Plaintiff claims he performed for Grasshopper. For instance, Plaintiff alleges in his Complaint that he had been operating under the oral agreement "based on services I have been providing to the fund…" and that he had been "…serving as an advisor to Grasshopper Capital…" (Dkt. 1, ¶ 85). No alleged facts in the Complaint state that Defendants Lewis or Rambhia were acting in any manner other than in their capacity as managing members.

Plaintiff's misappropriation claims are based on his allegation that "'Since May 2017, Grasshopper Capital has been highlighting in all its marketing materials and correspondence with prospective and existing investors that I am in fact an advisor to Grasshopper Capital. My name, my likeness, details from my career as a senior at Zynga, and cofounder and COO of

Rocket Games, are prominently featured in Grasshopper Capital materials'" (Dkt. 1, ¶ 85). Plaintiff does not allege that Defendants Lewis and Rambhia were "advertising" Plaintiff in their individual capacities or for their own individual purposes.

In actuality, Defendants Lewis and Rambhia never acted in their individual capacities even when negotiating with Plaintiff. Each and every act and communication with regard to Plaintiff was performed in their capacity as managers of Grasshopper. (Lewis Decl., ¶ 5; Rambhia Decl., ¶ 3).

**B. Plaintiff's Complaint Should Be Dismissed For Improper Venue Under 28 U.S.C. § 1406**

**1. The Court Should Dismiss This Matter For Improper Venue**

Venue must be proper as to each Defendant and each claim. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F. 3d 1408, 1410 (Fed. Cir. 1996). If venue is improper, upon timely objection by Defendants, the action must be dismissed or transferred for improper venue. 28 U.S.C. § 1406(a).

A court may dismiss a complaint for improper venue pursuant to Fed. R. Civ. Proc. 12(b)(3). "Once venue is challenged, the burden is on the plaintiff to show that venue is properly laid." *Express Co. Inc. v. Mitel Technologies, Inc.*, 2013 WL 5462301, at *2 (S.D. Cal. 2013); see also *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California"). "[U]nlike motions to dismiss under Rule 12(b)(6), the court hearing the Rule 12(b)(3) motion need not accept the allegations of the pleadings as true." *Express Companies, Inc. v. Mitel Technologies, Inc.* 2013 WL 5462301, at *2. It is well established that the Court may consider facts outside the pleadings when considering a motion to dismiss for improper venue. *Id.*

In determining if Plaintiff's preferred venue is improper for the purposes of 28 U.S.C. § 1406, the Court looks to 28 U.S.C. § 1391(b), which provides that venue is proper in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise of the claim occurred; or
(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Once Defendants have raised a timely objection to venue, Plaintiff has the burden of showing that venue is proper. *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F.Supp.2d 957, 960 (C.D. Cal. 2005); see *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

### 2. The Northern District Is Not The Proper Venue Under 28 U.S.C. §1391(b)(2)

Generally, "[b]ecause venue is a privilege of the defendant, and venue must be appropriate as to each defendant, the court should generally focus on activities of the defendant and not the activities of plaintiff." *Kelly v. Echols*, 2005 WL 2105309 (E.D. Cal.) at *12, citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir.2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995); *Gaines, Enhof Metzler & Kriner v. Nisberg*, 843 F.Supp. 851, 854 (W.D.N.Y.1994).

Plaintiff's Complaint alleges that venue is proper in this district using the generic description of "28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here." (Dkt. 1, ¶ 13). Venue would only be proper here under 28 U.S.C. § 1391(b)(2) if "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of California.

Here this case involves elements of both contract and tort. Although Plaintiff's claims include a misappropriation of likeness claim, the entire basis upon which those claims are founded is Plaintiff's allegation that:

"Vuori, on the one hand, and Defendants, on the other, were parties to a binding oral contract agreed to in May 2017 [whereas]…Defendants could use Vuori's name, image and reputation as a successful entrepreneur to promote the Fund, to

14

assist Defendants in contacting Vuori's professional network to solicit investments in the Fund, and to provide Defendants with periodic advise and counsel regarding Fund operation. In exchange, Defendants agreed to pay Vuori ten percent share of the "carry," or profit, of Grasshopper Capital Fund I LP."

(Dkt. 1, ¶¶ 89-90). Thus, the gravamen of the Complaint is to determine "existence of a contract." Furthermore, because he asserts multiple claims, **Plaintiff must establish that venue is proper as to each one**. *United Tactical Systems v. Real Action Paitnball,* 108 F.Supp.3d 733, 751 (N.D. Cal. 2015) [citations omitted] [emphasis added].

In matters where a court is determining appropriate venue for actions arising from contract, relevant factors include where the negotiations took place, the contract was signed, and performance or breach occurred. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986) ("the spirit of § 1391(a) is better served in this case if venue for a claim based on breach of contract be the place of intended performance rather than the place of repudiation"); *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1094 (N.D. Cal. 2003) (finding venue proper because contract was partially negotiated, signed, and substantially performed in the District). Here, all the factors support dismissal.

First, the intended performance of the alleged contract was in New York. All of the trades for the business occur in New York. In addition, all administrative functions such as verifying public keys (proof of funds/custodianship) are done in New York. Nearly all of Grasshopper's functions occur in New York. (Lewis Decl., ¶ 7). Grasshopper has no offices in Northern District of California, its only office is in the Eastern District of New York. Grasshopper has no business facilities, no employees, and no registered agents in Northern California. (Lewis Decl., ¶ 3).

Second, the negotiations for the contract occurred over the phone and email in New York. Because this Court should focus on the activities of the Defendants and not of Plaintiff in determining venue, the Northern District of California is not the proper venue. *Kelly v. Echols*, 2005 WL 2105309 at *12. All communication from Defendants came from New York or, in the case of Rambhia, Cleveland. (Lewis Decl., ¶ 13, Rambhia Decl., ¶ 3). Plaintiff alleges that the

oral agreement was agreed to by Grasshopper in New York based on Defendant Lewis' email. (Dkt. 1, ¶ 45).

Third, the alleged place of Defendants' breach arises in the Eastern District of New York. Plaintiff alleges that Defendants breached the oral agreement when Lewis "wrote" to him that the offer was rescinded. (Dkt. 1, ¶ 84). Again, because the focus must be on the activities of the Defendants and not of Plaintiff in determining venue, the Northern District of California is not the proper venue. *Kelly v. Echols*, supra, 2005 WL 2105309 at *12,

The Northern District of California has only a tangential connection with this case- it is where Plaintiff is allegedly located. Grasshopper has no business facilities, no employees, and no registered agents in the State of California. (Lewis Decl., ¶ 3). All of its trades and administrative functions occur in New York. (Lewis Decl., ¶ 7). All allegations by Plaintiff or supported by Defendants in their Declarations reflect the indisputable fact that no relevant act or event of any Defendants occurred in California, or specifically in the Northern District of California. Thus, venue is improper in the Northern District of California and this case should therefore be dismissed or transferred.

### 3. This Case Should Be Dismissed Or Transferred Pursuant To 28 U.S.C. § 1406(A)

When a District Court determines an action has been brought in "the wrong division or district," the Court may either dismiss the case, or "if it be in the interest of justice," transfer the case. *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir. 1991). In this case, dismissal is the more appropriate remedy because there is no indication that Plaintiff wishes to pursue this action in any other district if he cannot force Grasshopper to shut down its operations and cause immense hardship on the individual Defendants by forcing them to litigate this case across the country. (Lewis Decl., ¶¶ 6, 8, 9, 10, Rambhia Decl., ¶ 6). There also currently exists no statute of limitation issue if this case is dismissed, as Plaintiff alleges the breach occurred in October 2017. (Dkt. 1, ¶ 84).

However, if the Court is instead inclined to transfer, Section 1406(a) "instructs a court to transfer a case from the 'wrong' district to a district 'in which it could have been brought under § 1391.'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 578 (2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 621 (1964) n. 11. Transfer is an appropriate remedy if it is in the interests of justice. Some of the factors Courts consider in determining whether to transfer instead of dismiss an action based on improper venue include: judicial economy and whether another action would necessarily be filed; the bar of the statute of limitations; and the relative injustice imposed on plaintiff and defendant. See *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962); *King v. Russell* 963 F.2d 1301, 1304-1305 (9th Cir. 1992). The allegations in Plaintiff's complaint suggest that this case should be transferred to the Eastern District of New York where venue would be proper pursuant to §1391(b)(2) because a substantial part of the alleged acts by Defendants giving rise to this action occurred there.

## C. In The Alternative, Plaintiff's Complaint Should Be Transferred To The Eastern District Of New York Under 28 U.S.C. § 1404

Alternatively, if venue is found to be proper in this District, the Court may nonetheless find that transfer is appropriate based on consideration of the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see also *Los Angeles Mem'l Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where relevant agreements (if any) were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29--30 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The decision

17

to transfer lies within the sound discretion of the trial judge. See, *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

The convenience of the parties weighs heavily towards transferring this case under 28 U.S.C. § 1404. Each Defendant would suffer a significant financial burden and hardship to travel to California, employ California counsel for the entirety of the case, and defend themselves in California. (Lewis Decl., ¶¶ 6, 9; Rambhia Decl., ¶ 6). As previously stated, Grasshopper would be forced to shut down for any period that Defendant Lewis is required to travel to California. (Lewis Decl., ¶¶ 6, 8).

Moreover, both Defendants Lewis and Rambhia would suffer harm if this case remained in the Northern District of California. Defendant Lewis' illness makes travel nearly impossible. He tried to travel once while ill and suffered serious consequences and threats to his health. His dietary restrictions due to his illness also limit his mobility and would further inconvenience him. (Lewis Decl., ¶ 10). Defendant Rambhia would suffer a serious disruption in his medical studies that may cause him to have to drop out of school or delay school. Mr. Rambhia's presence is also required at the hospital in the evenings and on weekends as part of his pre-clinical curriculum. (Rambhia Decl., ¶ 5). Requiring these young men to upend their lives and close their business for a case that was improperly filed in the Northern District of California would cause them severe prejudice and would in no way serve the interests of justice.

The relative convenience to witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F.Supp.2d 578, 590 (E.D. Texas 2006). Here, all of the potential witnesses are located in or near the Eastern District of New York, home to Grasshopper's office. (Lewis Decl., ¶ 12). Defendant identifies numerous individuals in his Complaint.

Two witnesses in particular are of significance here. Plaintiff identifies Matt Golden, who Plaintiff claims was the recipient of Defendant Lewis' draft pitch. (Dkt. 1, ¶ 54). Mr. Golden lives in Toronto, Canada. (Lewis Decl., ¶ 12). Plaintiff also identifies David Rhodes as "an advisor for the fund" and a party to communications with Plaintiff and Defendants. (Dkt. 1, ¶

18

47).  Mr. Rhodes lives in Rochester, New York.  (Lewis Decl., ¶ 12, Rhodes Decl., ¶ 2).  Requiring Mr. Rhodes to travel to the District of California would cause him and his family a significant inconvenience.  Mr. Rhodes is the primary caregiver for his 92-year-old Mother and 86-year-old Father, who require close daily attention.  (Rhodes Decl., ¶ 3).  No other relative lives within 75 miles of his parents.  (Rhodes Decl., ¶ 3).  Due to Mr. Rhodes responsibilities to his parents, it would be extremely difficult for him to travel to California from New York to serve as a witness, and do so would adversely impact the continuity and quality of their care.  (Rhodes Decl., ¶ 5).

Plaintiff's Complaint further identifies numerous attorneys for Defendant Grasshopper, however, these attorneys would not be serving as witnesses in this case.  In reality, the witnesses as to Plaintiff's claims reside in New York or in the surrounding area.

The interests of justice are best served if this case is transferred to the Eastern District of New York.  The alleged agreement was negotiated and executed in the Eastern District of New York (factor 1)).  As discussed above, the Complaint alleges that Grasshopper offered the contract and breached the contract via writing.  (Dkt. 1, ¶¶ 45, 84)  But communications between Defendant Grasshopper and Plaintiff were done, on Defendants' part, from their office New York, or Rambhia's home.  (Lewis Decl., ¶ 13, Rambhia Decl., ¶ 3).).  With regard to factor 2— the state that is most familiar with the governing law— New York is more familiar with financial trading and the cryptocurrency market, and is the home to most potential expert witnesses.

Additionally, "the Court may look at the sheer weight of the numbers" in considering convenience. *Saleh, et al. v. Titan Corporation, et al.*, 361 F.Supp. 2d 1152, 1162 (C.D. Cal. 2005); see also *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1260 (W.D. Wash. 2005) (granting defendants motion to transfer where two plaintiffs resided in the transferor forum versus five defendants in the transferee forum).  In this case, there is one plaintiff in the Northern District of California, two defendants in the Eastern District of New York, and one defendant in Cleveland, Ohio [Northern District of Ohio].  Transfer is therefore warranted.

**IV. CONCLUSION**

The Court lacks personal jurisdiction over Defendants Grasshopper, Lewis and Rambhia. Pursuant to the due process clauses of both the state and federal Constitutions, the action dismissed for lack of personal jurisdiction.

If the Court does not dismiss this case for lack of lack of personal jurisdiction, Defendants request the Court to either dismiss the case for lack of proper venue for the reasons stated above.

In the alternative, Defendants request that the Court use its discretion to transfer this matter to the Eastern District of New York under 28 U.S.C. § 1404 due to the hardships and inconvenience to both potential witnesses and Defendants that would result if this matter remained in this District.

Dated: November 22, 2017

Respectfully submitted,

TRUJILLO & WINNICK, LLP

By: _____/s/ Carlos J. Rosario_____.
Carlos J. Rosario
Attorneys for Defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE EASTERN DISTRICT OF NEW YORK