KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - #243780
alauridsen@keker.com
BAILEY W. HEAPS - #295870
bheaps@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Plaintiff
NIKO VUORI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKO VUORI,<br><br>        Plaintiff,<br><br>  v.<br><br>GRASSHOPPER CAPITAL LLC, ARI LEWIS and SAGAR RAMBHIA,<br><br>        Defendants. | Case No. 3:17-cv-06362-JCS<br><br>[~~PROPOSED~~] STIPULATED ORDER REGARDING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION<br><br>Ctrm:    G, 15th Floor<br>Judge:   Magistrate Judge Joseph C. Spero<br><br>Date Filed: October 31, 2017<br><br>Trial Date: None Set |

Plaintiff Niko Vuori and Defendants Grasshopper Capital LLC, Ari Lewis, and Sagar Rambhia, having met and conferred pursuant to Federal Rule of Civil Procedure 26(f), hereby stipulate and agree, subject to the approval of the Court, to adhere to the following discovery standards and limitations, unless modified or amended by a subsequent stipulated order of the parties or other order of the Court.

**1.    General Provisions**

   **a.    Cooperation.** Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. The parties are also expected to comply with the Northern District of California's Guidelines for the Discovery of Electronically Stored Information. http://www.cand.uscourts.gov/filelibrary/1117/ESI_Guidelines-12-1-2015.pdf.

   **b.    Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

   **c.    Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

      (i)    Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

      (ii)    Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

   ////

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

  **d.** **Privilege.**

    (i) The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

    (ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

    (iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

    (iv) When a producing party gives notice to a receiving party that certain inadvertently produced ESI is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and the stipulated Protective Order in this action. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected documents or ESI shall not be deemed a waiver in the pending case or in any other federal or state proceeding.

**2.** **Discovery Limits**

 **a.** **Requests for production:** Unlimited pursuant to the Federal Rules of Civil Procedure.

 **b.** **Interrogatories:** Plaintiffs and Defendants agreed to the limit provided by Federal Rule of Civil Procedure 33; absent good cause, no party can receive more than twenty-five (25) interrogatories.

 **c.** **Requests for admission:** Maximum of 25 requests for admission by each party to any other party, other than requests relating to the authenticity or admissibility of documents.

 **d.** **Depositions:**

   (i) Expert witness depositions: Fed. R. Civ. P. 30(d)(1) shall apply to the depositions of expert witnesses. The parties may revisit these limits if the scope of the case changes.

(ii) Fact witness depositions: The presumption that a party may take no more than 10 depositions (Fed. R. Civ. P. 30(a)(2)(A)(i)) shall apply in this case.

**3.     Specific E-Discovery Issues.**

**a.     On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

**b.     Search methodology.**  The parties agree to use search terms to locate potentially responsive emails, and the parties may elect to use search terms to locate other potentially relevant and responsive ESI.  The parties will each disclose the search terms they intend to use to the other party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (e.g., product and company names, unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction), shall be employed.

The parties acknowledge that there may be certain instances where the volume of ESI is particularly high or low.  The parties agree to exchange information showing the number of "hits" for each term or combination of terms in order to identify such issues, and agree to work in good faith to resolve such issues on a case-by-case basis.  The parties shall meet and confer on any modifications to the proposed terms needed to improve their efficacy in locating discoverable information and in excluding information that is not discoverable under Fed. R. Civ. P. 26(b), including modifying terms where the burden or expense of the proposed terms outweighs the likely benefit.  In the event the parties cannot reach agreement regarding specific search terms, the requesting party may seek the Court's assistance in resolving the matter.  The parties agree that any dispute as to a particular search term shall not be cause to delay the collection and production of ESI responsive to search terms for which there is no dispute.

**c.     Format**.  The parties agree to produce documents in PDF or TIFF file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**d.     Native files**. Unless otherwise agreed to by the parties, the only files that should be

1229285

produced in native format are files not easily converted to image format, such as Excel, Comma Separated Values (CSV), and Access files.

  **e.**   **Metadata fields**.

  **[Plaintiff's Proposal]** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, Attachment End, Last Author, Title, Time Created, Time Last Modified, Confidentiality Label, and Page Count, Text File Link, Native File Link, and Production Volume (or the equivalent thereof). By prior written agreement of the parties, certain Metadata may be omitted for specified documents.

  ~~**[Defendants' Proposal]** The parties will provide metadata on a case-by-case basis. The parties will attempt to cooperate to arrange for the mutually acceptable production of such documents~~.

**4.**   **Modification**

  This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

# SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.
2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
3. On-line access data such as temporary internet files, history, cache, cookies, and the like.
4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
6. Voice messages.
7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.
8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.
9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.
10. Logs of calls made from mobile devices.
11. Server, system or network logs.
12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.
13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

| | |
|---|---|
| Dated: February 9, 2018 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/R. Adam Lauridsen*<br>R. ADAM LAURIDSEN<br>BAILEY W. HEAPS |
| | Attorneys for Plaintiff<br>NIKO VUORI |
| Dated: February 9, 2018 | TRUJILLO & WINNICK, LLP |
| | By: */s/ Carlos Rosario*<br>Carlos J. Rosario<br>Anthony W. Trujillo<br>Alexander H. Winnick |
| | Attorneys for Defendants |
| Dated: February 15, 2018 | *IT IS SO ORDERED AS MODIFIED*<br>Judge Joseph C. Spero<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |